UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANN STEEN,

    Plaintiff,

v.                                       CASE No. 8:09-CV-568-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain any reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty-three years old at the time of the administrative hearing and who has a high school education, has worked at Wal-Mart as a sales/crafts associate and community involvement associate

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 13).

(Tr. 147, 814).[2] She filed a claim for Social Security disability benefits, alleging that she became disabled due to vasculitis, connective tissue disorder, anemia, neuralgia, rheumatoid arthritis, Churg-Strauss syndrome, asthma, and herniated disc (Tr. 89). The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff has severe impairments of "asthma, rheumatoid arthritis, peripheral vasculitis, and disorders of the back and neck" (Tr. 17). The law judge concluded that these impairments imposed a restriction to sedentary work with a sit/stand option (Tr. 20). Based on the testimony of a vocational expert, the law judge found that, despite these limitations, the plaintiff could return to past relevant work as a telephone solicitor (Tr. 21). Consequently, the plaintiff was found to be not disabled (Tr. 22).

The plaintiff requested review of that determination and submitted new evidence to the Appeals Council. However, the Appeals

---

[2] The vocational expert stated that, under the Dictionary of Occupational Titles, the job of community involvement associate is most analogous to telephone solicitor (Tr. 824).

Council, after considering that evidence, let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Social Security Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not

disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff challenges the law judge's decision on three grounds, two of which are interrelated. None warrants a reversal.

A. The plaintiff first argues that the law judge "erred by finding plaintiff could perform her past relevant work as a telephone solicitor when the plaintiff did not perform this past work at all" (Doc. 20, p. 6). That contention is meritless.

The law judge concluded that the plaintiff could return to past work as a telephone solicitor based upon testimony by the vocational expert (Tr. 22). Although the plaintiff's relevant past work includes working at Wal-Mart as a crafts instructor, she subsequently worked there in "community involvement." At the hearing, the plaintiff stated that, as a community involvement associate, she called customers on the telephone and "invited people to the store for promotions and stuff like that" (Tr. 815). The vocational expert listened to the plaintiff's testimony and explained that her

position in community involvement, "sounds more like a telephone solicitor because it [is], basically, what she did," and stated that "that is the past relevant work" (Tr. 822).

The plaintiff asserts that the expert's testimony was erroneous because the plaintiff never worked as a telephone solicitor (Doc. 20, pp. 6-7). While the plaintiff may not have had a job title of telephone solicitor, the expert testified that, functionally, that was what she did. Thus, as indicated, the experienced expert, who has testified in these matters for many years (Tr. 29), stated that the job of telephone solicitor is, "basically, what she did" and that "that is the past relevant work" (Tr. 822). That testimony clearly provides substantial evidence that the plaintiff had worked as a telephone solicitor.

The plaintiff's argument that the expert's testimony was erroneous is directed at the wrong forum. This court is not the proper forum to assess the expert's testimony; that responsibility is assigned to the law judge. Accordingly, if the plaintiff thought the expert's testimony was erroneous, she needed to persuade the law judge of that. Significantly, she did not even try. Consequently, this court is not authorized to conclude that

the expert's testimony, which was accepted by the law judge, is wrong. That is particularly so since the plaintiff has not pointed to anything in the record indicating that the expert erred.

The plaintiff in her second issue seems to argue that the law judge failed to develop the physical and mental requirements of the plaintiff's past work (Doc. 20, p. 9). This argument greatly overlaps the plaintiff's first contention. Indeed, the first paragraph of both arguments are exactly the same (see id., pp. 6, 9). In all events, the contention that the law judge failed to develop the duties of the past work is meritless.

As indicated, the plaintiff, upon inquiry by her representative, explained that she would make telephone calls to "invite[] people to the store for promotions and stuff like that" (Tr. 815). The expert clearly did not need any additional information since he did not ask for any clarification or elaboration. Furthermore, if the plaintiff's representative thought that further development of the job was needed, she should have elicited the additional information. After all, it is the plaintiff that bears the burden of proving that she can no longer perform past work. Sewell v. Bowen, 792 F.2d 1065, 1067 (11th Cir. 1986).

On this issue, the plaintiff seems to suggest that the law judge erred because he failed to develop the mental demands of the job. To the extent that the mental demands were not readily apparent, it was unnecessary to do so. The law judge found that the plaintiff's mental impairment of depression was nonsevere (Tr. 19). This means that she had no significant mental impairment. 20 C.F.R. 404.1520(c). Correspondingly, the law judge did not find that the plaintiff had any mental functional limitations. The plaintiff, significantly, did not challenge this determination. Under these circumstances, it was sufficient for the expert to consider merely the apparent mental demands of the job of telephone solicitor and a detailed inquiry was not necessary.

Similarly meritless is the plaintiff's contention that the law judge failed to consider allegations of sinusitis, cataracts, fatigue, anemia, and right foot drop in connection with the demands of the job of telephone solicitor (Doc. 20, p. 12). The law judge found that these conditions were all nonsevere impairments and created no functional limitations (Tr. 19). Again, the plaintiff did not challenge that determination. Since there were no

functional limitations from these conditions, they would not interfere with the plaintiff's ability to work as a telephone solicitor.

For the same reason, the plaintiff's passing reference to medication side effects does not demonstrate that the law judge failed to develop the duties of a telephone solicitor (Doc. 20, p. 13). The law judge considered the plaintiff's testimony regarding side effects, but noted that it was inconsistent with other statements the plaintiff had given (Tr. 21). Accordingly, the law judge did not find that the side effects created any functional limitations. The plaintiff also did not challenge this determination. In light of the unchallenged absence of a finding of side effects, the plaintiff's medications would not limit the plaintiff's ability to work as a telephone solicitor (and seemingly would advance it).

In short, the plaintiff points to a number of her alleged conditions in her attempt to show that the law judge needed to explore the job of telephone solicitor in greater detail. However, the law judge did not find that any of those conditions created functional limitations. The plaintiff made no effort to show otherwise, so that, in light of the scheduling Order requiring articulation of specific issues with supporting facts and law (Doc. 11, p. 2),

any such contentions are deemed abandoned. In all events, since the alleged conditions did not create functional limitations, they would not affect the plaintiff's ability to perform the job of telephone solicitor. Thus, they cannot reasonably be the basis for a contention that the law judge failed adequately to develop the duties of a telephone solicitor.

Finally, it is noted that the Commissioner makes the forceful argument that, even if the law judge erred in finding that the plaintiff could return to past work as a telephone solicitor, that error would be harmless (Doc. 21, pp. 5-7). In this respect, the Commissioner points out that the expert testified not only that the plaintiff could perform past work as a telephone solicitor, but also that she could work as a charge account clerk and an order clerk in the food and beverage industry (Tr. 823). In light of the conclusion that the law judge's finding that the plaintiff could return to past work as a telephone solicitor is supported by substantial evidence, it is unnecessary to address this argument.

The plaintiff also argues that the law judge erred in according little weight to the opinion of treating physician Dr. Dennis K. Ledford (Doc. 20, p. 14). Opinions from treating physicians are entitled to substantial or

considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

The plaintiff has been treated by Dr. Ledford since 2004. At some point in 2006, the plaintiff began working for Dr. Ledford in his Brooksville, Florida, office one day a week for approximately five to six hours per day (Tr. 433, 446, 815). She maintained employment with Dr. Ledford's office through at least the date of the hearing (Tr. 814-15).

Dr. Ledford stated on March 12, 2008, that "it would be very difficult for her to maintain stable employment since the symptoms are active" (Tr. 737). The plaintiff contends the law judge erred in giving little weight to this opinion (Doc. 20, p. 14).

The law judge explained his reasons for according the opinion of Dr. Ledford little weight (Tr. 18):

> Dr. Dennis Ledford treated the claimant since 2004 (Exhibits 4F, 19F, 29F and 31F). He also employed the claimant. Since the alleged onset date, Dr. Ledford followed the claimant for asthma, right foot drop, rheumatoid arthritis, fatigue, and anemia. A tissue biopsy in February 2008 suggested a diagnosis of Churg-Strauss syndrome, an autoimmune disorder. Dr. Ledford concluded in March 2008 that if the claimant has vasculitis, it would be difficult for her to maintain employment with active symptoms (Exhibit 31F). The issue of the claimant's disability is specifically reserved to the Commissioner pursuant to SSR 96-5p. Nevertheless, the opinion is entitled to considerations [sic] pursuant to SSR 06-3p. Dr. Ledford treated the claimant for many years, but he also employed the claimant when he made the opinion. There is no indication Dr. Ledford placed any limitations upon her. In fact, the longitudinal records divulge similar levels of complaints and little deterioration. Therefore, the undersigned accords the opinion little weight.

The law judge's explanation provides good cause for rejecting the opinion. As he points out, the finding of disability is an issue reserved to the Commissioner. 20 C.F.R. 404.1527(e). Thus, the regulations provide that "[a] statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. 404.1527(e)(1). This reflects that an award of benefits requires a claimant to

meet criteria specified in the Social Security law rather than satisfy a doctor's perception of what constitutes a disability under the law.

Notably, what the law judge discounted was simply Dr. Ledford's opinion on the ultimate issue of total disability. The law judge accepted the idea that the plaintiff had serious medical impairments that greatly restricted her to sedentary work with a sit/stand option (Tr. 20).

In discounting Dr. Ledford's opinion of total disability, the law judge pointed to two factors: (1) Dr. Ledford had not placed any limitations upon the plaintiff; and (2) the plaintiff was working (Tr. 18). The absence of limitations contradicts an opinion of total disability. Moreover, it renders Dr. Ledford's opinion conclusory. The plaintiff's employment also contradicts a claim of disability. Thus, these factors provided good cause for the law judge to discount Dr. Ledford's opinion of total disability.

The plaintiff asserts that Dr. Ledford offered her a job out of sympathy and convenience (Doc. 20, p. 15). To the contrary, the plaintiff's testimony reflected the medical office's need for an employee one day a week and the plaintiff told them "I can do that" (Tr. 814). There is no indication that the plaintiff's job is some sort of sheltered employment.

Dr. Ledford's opinion is also undercut by the plaintiff's testimony at the hearing that her condition is "under control" and that she is "doing really good" (Tr. 817). Furthermore, less than three weeks before Dr. Ledford stated his opinion, another treating specialist, Dr. David A. Solomon, wrote to Dr. Ledford that "[u]nder your treatment[,] the patient is doing really well" (Tr. 733).

The law judge, in sum, articulated adequate reasons for discounting Dr. Ledford's opinion of total disability. The evidence certainly does not compel a contrary conclusion. See Adefemi v. Ashcroft, supra.

Finally, the plaintiff submitted additional records to the Appeals Council. The plaintiff has not made any argument pursuant to Ingram v. Commissioner of Social Security Administration, 496 F.3d 1253 (11th Cir. 2007), regarding consideration of those records.

It is, therefore, upon consideration

ORDERED:

That the Commissioner's decision, which is supported by substantial evidence and does not contain any reversible error, is hereby

AFFIRMED. The Clerk shall enter judgment in accordance with this Order and CLOSE this case.

DONE and ORDERED at Tampa, Florida, this 22ⁿᵈ day of April, 2010.

_____
THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE